### In the MATTER OF a CHARGE OF JUDICIAL MISCONDUCT OR DISABILITY.

**Judicial Council Complaint No. 98–8.**

United States Court of Appeals, District of Columbia Circuit.

March 24, 1998.

### ORDER

Upon consideration of the complaint herein, filed against a judge of the United States District Court for the District of Columbia pursuant to the Judicial Councils Reform and Judicial Conduct and Disability Act of 1980 and the Rules of the Judicial Council for the District of Columbia Circuit Governing Complaints of Judicial Misconduct or Disability, it is

**ORDERED,** for the reasons stated in the attached Opinion, that the complaint be dismissed as not in conformity with 28 U.S.C. § 372(c)(1) (1994).

The Clerk is directed to send copies of this Order and accompanying Opinion to complainants and the subject judge. *See* 28 U.S.C. § 372(c)(3) (1994); D.C.CIR. JUD. MISCONDUCT R. 4(f)(1).

EDWARDS, Chief Judge:

■ Complainants allege that a United States District Judge has engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts. The bulk of the complaint concerns allegations of misconduct by Independent Counsel Kenneth Starr and Linda Tripp—parties whose conduct clearly is not subject to review in this forum. *See* 28 U.S.C. § 372(c)(1) (1994) (providing only for complaints against circuit, district, bankruptcy or magistrate judges); 28 U.S.C. §§ 595 and 596 (1994) (providing for oversight of independent counsels by Congress and the Attorney General). However, the complaint also asserts, without any factual support whatsoever, that the subject judge authorized wiretaps and/or electronic surveillance without sufficient evidentiary basis. *See* Complaint 98–8 at ¶ 8. That allegation does not provide any grounds for action against the subject judge.

Even assuming, *arguendo,* that wiretap or other electronic surveillance was authorized by the subject judge, any claim that the subject judge authorized such surveillance without sufficient evidentiary basis is merely an assertion that a ruling of the subject judge was legally erroneous. A judicial misconduct proceeding, however, is not an appropriate avenue by which to challenge the propriety of a judicial decision. *See* 28 U.S.C. § 372(c)(3)(A)(ii) (1994) (providing for dismissal of complaint that is "directly related to the merits of a decision or procedural ruling"); D.C.CIR. JUD. MISCONDUCT R. 1(e) ("The complaint procedure is not intended to provide a means of obtaining review of a judge's decision or ruling in a case.").

Accordingly, even if there were some factual basis to support the claim that the subject judge authorized wiretaps or electronic surveillance without proper evidentiary basis, the complaint nonetheless must be dismissed as not in conformity with 28 U.S.C. § 372(c)(1).[1]

1. Pursuant to 28 U.S.C. § 372(c)(10) (1994) and D.C. CIR. JUD. MISCONDUCT R. 5, complainant may file a petition for review by the Judicial Council for the District of Columbia Circuit. Any petition must be filed in the Office of the Clerk of the Court of Appeals within 30 days of the date of the Clerk's letter transmitting the dismissal Order and this Memorandum. *See id.* R. 6(a).